

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-10-2004

# DeGroat v. Power Logistics

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4087

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"DeGroat v. Power Logistics" (2004). *2004 Decisions.* Paper 89.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/89

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-4087

———

STEVEN DEGROAT; ANGELA DEGROAT,
Appellants
v.

POWER LOGISTICS AND THE POWER GROUP,

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania

(D.C. No. 1:02-CV-0940)
District Judge: J. Andrew Smyser

———

Submitted under Third Circuit LAR 34.1(a)
Date: November 30, 2004

Before: RENDELL, ALDISERT and MAGILL,[1] Circuit Judges.

(Filed:  December 10, 2004)

———

OPINION OF THE COURT
———

ALDISERT, Circuit Judge.

———

[1]The Honorable Frank J. Magill, Senior Judge, U.S. Court of Appeals for the
Eighth Circuit, sitting by designation.

Appellant Steven DeGroat appeals summary judgment in favor of Power Logistics and The Power Group (collectively, "Power Logistics"). The district court held that DeGroat did not have a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101- 12213 (2000), because he did not prove that he was a qualified individual who could perform the essential functions of his job with or without reasonable accommodation. We have jurisdiction to review the district court's decision pursuant to 28 U.S.C. § 1291. We will affirm.

## I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

To establish a case under the ADA, an employee must demonstrate, inter alia, that he is a qualified individual who "with or without reasonable accommodation can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(b). To meet this requirement, the employee must demonstrate that he: (1) possesses the required skill, experience and education for the position; and (2) can perform the essential functions of the position with or without reasonable accommodation. Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001) (citing Deane v. Pocono Med. Ctr., 142 F.3d 138, 142 (3d Cir. 1998) (en banc)).

2

Receiving Social Security Disability Insurance ("SSDI") benefits does not automatically estop an employee from bringing a claim under the ADA. Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 797 (1999). The employee must, however, reconcile the statement that he is too disabled to work for purposes of receiving SSDI benefits with the statement that he is able to perform the essential functions of his job with reasonable accommodation for purposes of the ADA. Id. at 797-798. In Cleveland, the Court held that "an ADA plaintiff cannot simply ignore the apparent contradiction that arises out of the earlier SSDI total disability claim. Rather, she must proffer a sufficient explanation." Id. at 806; see also Motley v. N.J. State Police, 196 F.3d 160, 166 (3d Cir. 1999) (finding that a police officer was not a qualified individual when he wrote that he was "permanently and totally disabled" for purposes of receiving SSDI benefits and did not later explain his contradiction).

DeGroat did not proffer a sufficient explanation to explain the inconsistencies between the facts presented for the SSDI hearing and the facts presented for the ADA claim. In his request for a hearing with the ALJ to receive SSDI benefits, DeGroat wrote: "I can't walk for for (sic) long, I can't sit for too long swelling and discomfort." (App. at 1090.) DeGroat's physician stated that DeGroat needed to elevate his foot "above heart level for at least two hours out of an eight hour workday." (Id. at 280.) As a result, the ALJ concluded that DeGroat was "unable to sustain even sedentary activity." (Id. at 281.)

For purposes of this appeal, DeGroat contends that he is capable of performing sedentary work because he can "stand or walk for up to half an hour at a time for approximately four times a day." (Appellant br. at 16.) DeGroat does not resolve these inconsistencies. Instead of explaining why he could perform sedentary activities for purposes of the ADA but <u>not</u> for purposes of collecting SSDI benefits, DeGroat simply re-explains his injuries and condition. (<u>See</u> Appellant br. at 20-21.) Nowhere in his brief does DeGroat attempt to proffer an explanation for his inconsistent statements. We conclude that the district court correctly granted Power Logistic's motion for summary judgment because there is no evidence to support the reasonable inference that DeGroat could perform his job with reasonable accommodation.

## III.

We have considered all of the contentions raised by the parties and conclude that no further discussion is necessary. The district court was correct in granting Power Logistic's motion for summary judgment because DeGroat did not offer sufficient evidence to establish that he is a qualified individual under the ADA.

The judgment of the district court will be affirmed.